UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TRAVELL WEAKLEY,

        Plaintiff,

v.

KEVIN L. GARRELTS et al.,

        Defendants.
_____/

Case No. 1:19-cv-433

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a jail detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff is presently detained at the Cass County Jail, awaiting trial. Plaintiff sues the following employees of Cass County: Captain Kevin L. Garrelts; Undersheriff Clinton D.

Roach; Sheriff Richard J. Behnke; and Registered Nurses Suesane (unknown) and (unknown) Salisbury.

Plaintiff alleges that he has seizures from time to time due to a medical condition. He has been detained at the Cass County Jail since January 17, 2019. Within a few days after his arrival at the jail, he told a nurse at the nurse's station about his condition. Plaintiff claims that she was supposed to send out a medical release to obtain his medical records, but she did not do so until a few weeks later, after Plaintiff experienced his first seizure in the jail.

On February 13, Plaintiff suffered a "grand mal" seizure in his cell. (*See* Compl., ECF No. 1, PageID.5.) His bunkmate attempted to use the emergency call button to notify the guards, but the button did not work. The bunkmate was able to get guards' attention by kicking the door of the cell. After Plaintiff regained consciousness, a nurse checked Plaintiff's blood pressure at the nurse's station, determined that he was "fine," and sent him back to his cell. (*Id.*) Another nurse tried to obtain Plaintiff's medical records using the medical release, but was not successful.

Sometime later, Plaintiff met with a doctor who tried to determine how Plaintiff had treated his condition before his detention. Plaintiff told the doctor that he used marijuana. Plaintiff alleges that he has had two more seizures since February 13, but jail staff have not given him any medication or other treatment for his condition.

Plaintiff filed a grievance concerning his seizure(s). Defendant Garrelts held a hearing on the grievance and prepared a report containing "false" information. (*Id.*, PageID.3.) Plaintiff told Garrelts that Officer Mollberg helped Plaintiff up off the floor *after* Plaintiff suffered a seizure, but Garrelts allegedly wrote in his report that Mollberg actually *witnessed* the seizure.

Plaintiff apparently sues Defendants because he has not been given treatment for his condition. He also alleges that the conditions in the jail are unsafe for the following reasons: the jail does not have medical staff present for 24 hours a day, 7 days a week; it is difficult to notify staff of a medical emergency, as there are three emergency call buttons in the cell block but none inside the cells; and there is insufficient monitoring of the cells, as the guards generally walk around the cell block about once an hour.

In addition, Plaintiff claims that Defendants have deprived him of his right to a speedy trial because he has been held in jail for over 180 days for a crime he did not commit, without evidence that he committed the crime.

As relief, Plaintiff apparently seeks an unspecified injunction. After noting the alleged deficiencies in medical staffing and in his ability to notify staff of emergencies, Plaintiff asks "to be taken care of." (*Id.*, PageID.7.) He does not indicate what this means.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff does not mention Defendants Roach, Behnke, Suesane, or Salisbury in the body of this complaint. Consequently, it is not clear what claims Plaintiff is bringing against them or why they are being sued. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where

plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Plaintiff's claims against Defendants Roach, Behnke, Suesane, and Salisbury fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, his claims against these defendants will be dismissed.

The only defendant mentioned in the body of the complaint, Defendant Garrelts, allegedly wrote false information in response to one of Plaintiff's grievances. That conduct does not implicate any of Plaintiff's constitutional rights. The Constitution does not require jail officials to respond truthfully and accurately to grievances. Indeed, many courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

Moreover, Garrelts' response to Plaintiff's grievance does not necessarily make him liable for any conduct or conditions alleged in the grievance. A defendant cannot be liable

5

under § 1983 where their only involvement is "the denial of administrative grievances or the failure to act[.]" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

In short, Plaintiff's complaint is subject to dismissal because he has not alleged sufficient facts to state a claim against the individual Defendants. That conclusion is even more apparent when considering his particular claims. His primary claim is that jail officials have been deliberately indifferent to his safety and his serious medical needs. The Fourteenth Amendment applies to such claims by a pretrial detainee, but the Court analyzes these claims "'under the same rubric as Eighth Amendment claims brought by prisoners.'" *Hopper v. Plummer*, 887 F.3d 744, 756 (6th Cir. 2018) (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). That rubric requires Plaintiff to show "(1) the existence of a 'sufficiently serious' medical need; and (2) that defendants 'perceived facts from which to infer substantial risk to the prisoner, that [they] did in fact draw the inference, and that [they] then disregarded that risk.'" *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001)). Plaintiff has alleged a serious medical need for treatment of his seizures, but he does not allege sufficient facts from which to infer that any of the named defendants were deliberately indifferent to that need or to his physical safety. Thus, Plaintiff fails to state a claim against them under § 1983 with respect to his medical needs and physical safety.

Plaintiff's other claim is that he has been deprived of a right to a speedy trial, but he does not allege which of the defendants is responsible for that deprivation. And even if the Court could identify a particular defendant to this claim, the Court would decline to consider it. Federal courts generally abstain from deciding matters that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine is based on the principle

6

that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted).

Abstention is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff implies that there was an ongoing state criminal proceeding against him when he filed his complaint. He refers to a "case" involving a "crime" that he claims he did not commit and asserts that an attorney was appointed to represent him. (Compl., PageID.4.) Second, state criminal proceedings unquestionably involve important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenge. Nothing prevents Plaintiff from presenting his speedy-trial claim in the pending state court proceedings. If he does so, and the trial court denies or otherwise fails to consider his constitutional claims, he may exercise his right to an appeal under Michigan law.

Finally, none of the exceptions to *Younger* abstention apply here. Those exceptions include the following: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing

need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman*, 802 F.2d at 205. Plaintiff does not allege an improper motive for the state proceeding, he does not challenge a statute, and he does not allege a particular need for immediate federal relief. Accordingly, the Court would abstain from hearing Plaintiff's speedy-trial claim.

## **Conclusion**

For all the foregoing reasons, the Court determines that Defendants will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding in forma pauperis, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: __July 19, 2019__              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE